YOUNG, J.
oconcurring). I concur in Justice MARKMAN’s opinion. I write separately to note that stability in the law contributes to stability in our society. This is the *43 essence of the rule of law — that controversies are decided on the basis of law, not the identity of the disputing parties. This is why the symbol of justice is blindfolded, because she is uninterested in the identity of the parties but concerned only with the legal merit of their cause. This is also what distinguishes the justice systems of great democracies from those of nations where who one is matters more than the law.
In the grand scheme of things, it might be hard to understand why this great principle matters. But whenever one buys property or enters into a contractual relationship, one does so with the expectation that the rules of law that govern now will not be summarily changed in the future. So, in commercial matters, no less than in other spheres of life, it is important to know in advance what rules will govern in the future and this is especially true of contracts.
When judges desire to assert the power to control the outcomes of controversies — to ensure that favored parties such as the “little guy” win whatever the law— commitment to fixed rules of law becomes an obstacle and thus an inconvenience that must be the first thing cast aside in aid of such power. In the place of announced rules of law are substituted myriad judicial dodges that allow a judge to manipulate outcomes after the fact. Thus, in contractual matters, the willful judge must negate fixed rules of contract in favor of ones that permit after-the-fact “adjustments.” These dodges are usually announced as serving a principle of “equity” but are usually no more than a mask that hides the judicial desire to alter outcomes for favored parties.
However well intentioned, I believe that this Court is moving away from defending the rule of law (applying rules known in advance to existing controversies) to a system in which a party’s status is what becomes *44 important to litigation outcomes. For all the reasons stated in Justice Markman’s partial concurrence, this case represents a small but significant step in that direction.
Corrigan and Markman, JJ., concurred with Young, J.